UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE AMERICAN SOCIETY<br>OF ANESTHESIOLOGISTS,<br><br>       Plaintiff,<br><br>       v.<br><br>RASHAD UNIVERSITY, INC., ET AL.<br><br>       Defendants. | Civil Action No. 1:07CV00489 (RMC) |

ORIGINAL

Defendant Nabil Rashad, individually and doing business as Rashad Internet University ("Defendant"), answers the complaint of The American Society of Anesthesiologists as follows:

## ANSWER AND AFFIRMATIVE DEFENSES

1. Defendant admits that the complaint asserts claims for copyright infringement based upon Defendant's distribution of a book referred to as the MCQ 4. Except as admitted, this paragraph reflects a summary of Plaintiff's contentions and legal assertions as to which no response is required or appropriate.

2. Defendant admits that Plaintiff "is an educational, research, and scientific association of physicians" whose published mission "is to raise the standards of the medical practice of anesthesiology. Except as expressly admitted, Defendant lacks sufficient information to admit or deny the remaining portions of this paragraph and on that basis denies the allegations.

3. Defendant lacks sufficient information to admit or deny this paragraph and on that basis denies the allegations.

4. Defendant lacks sufficient information to admit or deny this paragraph and on that basis denies the allegations.


RECEIVED
AUG 1 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

5. Defendant lacks sufficient information to admit or deny this paragraph and on that basis denies the allegations.

6. Defendant lacks sufficient information to admit or deny this paragraph and on that basis denies the allegations.

7. Defendant lacks sufficient information to admit or deny this paragraph and on that basis denies the allegations.

8. Defendant admits that the ITE tests residents' knowledge and skills. Except as expressly admitted, Defendant lacks sufficient information to admit or deny the remaining portions of this paragraph and on that basis denies the allegations.

9. Defendant admits that the Plaintiff purports to create educational programs, including the SEE program. Except as expressly admitted, Defendant lacks sufficient information to admit or deny the remaining portions of this paragraph and on that basis denies the allegations.

10. Defendant admits that Rashad University, Inc. is a corporation organized in California. However, Defendant denies that Rashad University had or has any involvement with the claims in this action. Defendant further denies that Rashad University, Inc. has engaged in any business during the years at issue and further denies that Rashad University, Inc. presently engages in any business activity.

11. Defendant denies the allegation that Rashad University, Inc. operates Rashad Internet University.

12. Admitted.

13. Admitted.

14. Defendant admits that Dr. Nabil Rashad is the founder of Rashad Internet University. Except as expressly admitted, Defendant lacks sufficient information to admit or deny the remaining portions of this paragraph and on that basis denies the allegations.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Defendant admits that the subject matter of the purported claims arises under the Copyright Act and that the parties are diverse. Except as expressly admitted, Defendant lacks sufficient information to admit or deny the remaining portions of this paragraph and on that basis denies the allegations.

20. Defendant admits that it has in the past conducted, and continues to plan in the future to conduct, courses on anesthesiology in the District of Columbia. Defendant further admits that the MCQ 4 book may have been used in connection with past courses. Defendant further admits that it maintains an interactive website. Except as expressly admitted, Defendant lacks sufficient information to admit or deny the remaining portions of this paragraph and on that basis denies the allegations.

21. Defendant lacks sufficient information to admit or deny this paragraph and on that basis denies the allegations.

22. Defendant lacks sufficient information to admit or deny this paragraph and on that basis denies the allegations.

23. Defendant admits that he offers test preparation courses for board certification for anesthesia and that it charges, on average, $1,500 for such courses.

24. Defendant admits that in connection with the anesthesiology course offered, it has used in the past a book referred to as MCQ 4 containing multiple choice practice examination.

25. Defendant admits that MCQ 4 book included a title page that included the statement "By -- Nabil Rashad, M.D." and a copyright notice for the compilation in the name of "Rashad University Press" (not a separate entity). Except as expressly admitted, Defendant objects to the conclusory nature of the allegations and/or lacks sufficient information to admit or deny the remaining portions of this paragraph and on that basis denies the allegations.

26. Defendant admits using portions of the 1990, 1991, 1992, and 1993 ITE books in the preparation of the MCQ 4. Except as expressly admitted, Defendant objects to the conclusory nature of the allegation and/or lacks sufficient information to admit or deny the remaining portions of this paragraph and on that basis denies the allegations.

27. Defendant lacks sufficient information to admit or deny this paragraph and on that basis denies the allegations.

28. Defendant admits that at one point in time the Rashad Internet University website displayed some the of MCQ 4 book practice exam materials as examples. Except as expressly admitted, Defendant lacks sufficient information to admit or deny the remaining portions of this paragraph and on that basis denies the allegations.

29. Defendant objects to the conclusory nature of the allegations and, on that basis, denies the allegations.

30. Defendant objects to the conclusory nature of the allegations and, on that basis, denies the allegations.

31. Defendant denies receiving notice in 2006. Defendant further denies continuing use of the MCQ 4 book. Defendant objects to the conclusory nature of the remaining allegations

and/or lacks sufficient information or belief to admit or deny and, on these bases, denies the allegations.

32. Defendant denies receiving notice in 2006. Defendant objects to the conclusory nature of the remaining allegations and/or lacks sufficient information or belief to admit or deny and, on these bases, denies the allegations.

33. Defendant hereby incorporates each of his responses to paragraphs 1 through 32.

34. Defendant lacks sufficient information to admit or deny this paragraph and on that basis denies the allegations.

35. Defendant objects to the conclusory nature of the allegations and, on that basis, denies the allegations.

36. Defendant objects to the improper interpretations and assumptions represented by the allegations. Defendant denies marketing and selling the MCQ 4 as a separate, independent item and further denies that the complete MCQ 4 was identical or substantially similar to Plaintiff's copyrighted works. Defendant lacks sufficient information to admit or deny the remaining portions of this paragraph and on that basis denies the allegations.

37. Defendant objects to the conclusory nature of the allegations and/or lacks sufficient information or belief to admit or deny and, on these bases, denies the allegations.

38. Defendant objects to the conclusory nature of the allegations and/or lacks sufficient information or belief to admit or deny and, on these bases, denies the allegations.

39. Defendant objects to the conclusory nature of the allegations and/or lacks sufficient information or belief to admit or deny and, on these bases, denies the allegations.

40. Defendant hereby incorporates each of his responses to paragraphs 1 through 39.

41. Defendant denies the allegations.

42. Defendant denies the allegations.

43. Defendant objects to the conclusory nature of the allegations and/or lacks sufficient information or belief to admit or deny and, on these bases, denies the allegations.

44. Defendant hereby incorporates each of his responses to paragraphs 1 through 43.

45. Defendant objects to the conclusory nature of the allegations and/or lacks sufficient information or belief to admit or deny, and, on these bases, denies the allegations.

## AFFIRMATIVE DEFENSES

1. Defendant's conduct is exempt under the educational exception to the Copyright Act.

2. Defendant's use of Plaintiff's work was done innocently for educational purposes and without malice or willful disregard of Plaintiff's copyrights, if any.

3. Plaintiff misuses its copyrights in the educational materials to the detriment of the general public.

4. Plaintiff does have registration in all materials forming the alleged foundation of its claim and cannot pursue relief for unregistered works.

5. Plaintiff cannot pursue attorney's fees or statutory damages for any works unregistered within three months of initial publication, barring all attorney's fees and statutory damages in this action.

6. Plaintiff has not suffered any actual, compensable damages.

7. Defendant has not received any profits attributable to the alleged infringement.

8. Each and every separate cause of action alleged in the Complaint fails to state facts sufficient to constitute a cause of action against Defendant and fails to state a claim upon which relief may be granted.

9. This Court lacks subject matter jurisdiction to adjudicate all or some of the claims set forth in Complaint.

10. Some or all of Plaintiff's claims are barred by the doctrine of express or implied waiver.

11. Plaintiff, by its conduct, is estopped from asserting its claims against Defendant.

12. Some or all of the relief sought by Plaintiff is barred pursuant to 17 U.S.C. §411.

13. Some or all of the relief sought by Plaintiff is barred pursuant to 17 U.S.C. §412.

14. Some or all of the relief sought by Plaintiff is barred pursuant to 17 U.S.C. §107

15. Some or all of the relief sought by Plaintiff is barred by the statute of limitations.

16. Plaintiff's injuries, if any, were caused in whole or part by the acts of others over which Defendant had no control and, therefore, for which Defendant is not responsible.

17. Plaintiff is barred from obtaining equitable relief by the doctrine of unclean hands.

18. Plaintiff has failed to take reasonable steps to mitigate its damages.

19. Some or all of Plaintiff's claims are barred by the doctrine of laches.

## PRAYER FOR RELIEF

Wherefore, Defendant prays for the following relief:

A. That Plaintiff take nothing by its Complaint;

B. For dismissal of Plaintiff's Complaint in its entirety with prejudice;

C. For attorney's fees and costs as permitted by law; and

D. For such other and further relief as the Court deems proper.

Dated: August 16, 2007

Respectfully submitted,

*Nabil Rashad*

Dr. Nabil Rashad, individually and
doing business as Rashad Net
University
23571 1/2 Maribel Avenue
Carson, CA  90745
(310) 567-9130
nabil_rashad@yahoo.com

## PROOF OF SERVICE

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 5850 Canoga Ave., 4th Floor, Woodland Hills, CA 91367. On August 17, 2007, I served the within document(s) described as:

ANSWER TO COMPLAINT

on the interested parties in this action as stated on the attached mailing list.

[X] **(BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.**

[ ] (BY EXPRESS MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and overnight mailing following ordinary business practices. I am readily familiar with this firm's practice for collection and processing of Express Mail to be sent overnight by the U.S. Postal Service. Under that practice, it would be deposited on that same day in the ordinary course of business, with Express Mail postage thereon fully prepaid, in a post office, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the U.S. Postal Service for receipt of Express Mail.

[ ] (BY FAX) By transmitting a true copy of the foregoing document(s) via facsimile transmission from this firm's facsimile machine, to each interested party at the facsimile machine telephone number(s) set forth on the attached mailing list. Said transmission(s) were completed on the aforesaid date at the time stated on the transmission record issued by this firm's sending facsimile machine. Each such transmission was reported as complete and without error and a transmission report was properly issued by this firm's sending facsimile machine for each interested party served. A true copy of each transmission report is attached to the office copy of this proof of service and will be provided upon request.

[ ] (BY E-MAIL) By transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth on the attached mailing list.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Executed on August 17, 2007, at Woodland Hills, California.

| Mila Vozovoy | _/s/ Mila Vozovoy_ |
|---|---|
| (Type or print name) | (Signature) |

## SERVICE LIST

Kevin N. Ainsworth, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky
  & Popeo, P.C.
666 Third Avenue
New York, New York  10017
Tel:  (212) 935-3000
Fax:  (212) 983-3115

Susan Neuberger Weller, Esq.
Noam B. Fischman, Esq.
Mintz, Levin, Cohn, Ferris,
  Glovsky & Popeo, P.C.
701 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel:  (202) 434-7300
Fax:  (202) 434-7400