UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE AMERICAN SOCIETY<br>OF ANESTHESIOLOGISTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RASHAD UNIVERSITY, INC., ET AL.<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:07CV00489<br>)<br>)<br>)<br>)<br>)<br>) |

**CONSENT MOTION, WITH GOOD CAUSE SHOWN,
TO PLACE THIS MATTER ON THE ACTIVE DOCKET**

Plaintiff, through undersigned counsel and with good cause shown, respectfully requests that the Court vacate its Order dated October 17, 2007 ("October 17 Order"), place this matter on the Court's active docket, and set a status conference at an appropriate date and time.

On or about September 28, 2007, undersigned counsel contacted Chambers to inform the Court that the parties were on the verge of settling this case. The Court had previously set a status conference for October 5, 2007, but upon learning of the parties' settlement posture, the Court canceled that status conference.

The parties have agreed upon all material settlement terms and have documented the terms in settlement documents. The parties expected to execute the settlement documents during the week of November 14, 2007. The execution was delayed because Defendant Nabil Rashad, M.D., who is doing business as Defendant Rashad Internet University and who is the president of Defendant Rashad University, Inc., is a party to a divorce proceeding and was advised to obtain approval of the settlement by the judge in that proceeding. See Declaration of Dr. Rashad dated

December 7, 2007, attached as Exhibit A.  Thus, although the settlement documents have been in final form for weeks, they have not been executed.

During the parties' settlement negotiations, the Court entered the October 17 Order, which contains two provisions.  For the first forty-five days after the Court's order (*i.e.*, until Monday December 3, 2007), the Court's order is without prejudice, and permits the parties to reopen the case by motion approved by the Court.  After December 3, 2007, the October 17 Order converts to a dismissal with prejudice.  The parties' attention was diverted to discussions regarding the divorce-court proceeding, and they inadvertently let the December 3, 2007, deadline lapse.

Undersigned counsel is unable to locate any record of receiving notification of the October 17 Order through the Court's ECF system, through regular mail, or otherwise, and first learned of the October 17 Order yesterday, on December 6, 2007.  Had undersigned counsel received such notice, it would have filed a timely motion with the Court explaining the status of the settlement negotiations, requesting that the Court place this matter on the active docket, and asking that the Court set an appropriate date and time for a status conference.  But as stated above, it does not appear that undersigned counsel received notification of the October 17 Order and, therefore, was not alerted to the December 3 deadline.  Moreover, no party is prejudiced by placing this matter on the active docket.

For good cause shown, including consent of Defendants to open this case, Plaintiff respectfully requests that the Court vacate the October 17 Order and reopen this case.

     For these reasons, and for any other reasons that the Court deems just, proper, and equitable, Plaintiff respectfully requests that the Court grant this Consent Motion, vacate the October 17 Order, place this matter on the active docket, and set a status conference date and time at the Court's discretion.

Dated:  December 7, 2007                                              Respectfully submitted,

                                                                                          /s/
                                               Susan Neuberger Weller, Esq.
                                               (D.C. Bar No 384038)
                                             Noam B. Fischman, Esq.
                                             (D.C. Bar No. 469397)
                                             Mintz, Levin, Cohn, Ferris, Glovsky
                                                & Popeo, P.C.
                                             701 Pennsylvania Avenue, NW
                                             Washington, D.C. 20004
                                             Tel:  (202) 434-7300
                                             Fax:  (202) 434-7400

Of Counsel:

Kevin N. Ainsworth, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky
 & Popeo, P.C.
666 Third Avenue
New York, New York  10017
Tel:  (212) 935-3000
Fax: (212) 983-3115

CERTIFICATE OF SERVICE

On this the 7th day of December, 2007, I hereby certify that I caused a true and correct copy of the foregoing Consent Motion, With Good Cause Shown, to Place This Matter on The Active Docket, to be served on counsel of record through the Court's ECF system and to the defendant through electronic means and first class mail, postage pre-paid.

/s/
Noam B. Fischman

```
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
------------------------------------x
THE AMERICAN SOCIETY OF              :
ANESTHESIOLOGISTS,                   :
520 N. Northwest Highway             :
Park Ridge, Illinois                 :   07 Civ 0489 (RMC)
                     Plaintiff,      :
                                     :
v.                                   :
                                     :
RASHAD UNIVERSITY, INC.              :
1418 10th Street, Suite 8            :
Santa Monica, California 90401,      :
                                     :
RASHAD INTERNET UNIVERSITY           :
23571 ½ Maribel Avenue               :
Carson, California 90745             :
                                     :
and                                  :
                                     :
Dr. Nabil Rashad                     :
23571 ½ Maribel Avenue               :
Carson, California 90745,            :
                     Defendants.     :
------------------------------------x
```

## Declaration of Nabil Rashad, M.D.

I, Nabil Rashad, M.D., hereby declare the following to be true under penalty of perjury:

1. I am a defendant named in this action. I am doing business as defendant Rashad Internet University. And I am President of Defendant Rashad University, Inc.

2. Plaintiff and I have negotiated a settlement agreement to finally resolve all claims asserted in this action and have reached final agreement on its terms (the "Settlement Agreement").

3. I also am a party to a divorce proceeding in California, and my attorneys in that proceeding have advised me to obtain that court's approval before executing the Settlement Agreement. I fully intend to perform under the terms of the settlement agreement.

4. I understand that Plaintiff wants to keep this case active until the settlement agreement has been executed, and I consent to Plaintiff's request to open the case. I

fully expect that that this action will be dismissed pursuant to the terms of the Settlement Agreement after that agreement has been executed.

*Nabil Rashad*
_____
Nabil Rashad, M.D.

12/7/07

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE AMERICAN SOCIETY<br>OF ANESTHESIOLOGISTS,<br><br>    Plaintiff,<br><br>  v.<br><br>RASHAD UNIVERSITY, INC., ET AL.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:07CV00489<br>)<br>)<br>)<br>)<br>)<br>) |

PROPOSED ORDER

Having considered the foregoing Consent Motion, With Good Cause Shown, to Place This Matter on the Active Docket, and finding that good cause has been shown, it is hereby:

**ORDERED** that the Court's order of dismissal in this matter, dated October 17, 2007, is hereby vacated;

It is further **ORDERED** that this case shall be placed on the Court's active docket; and,

It is finally **ORDERED** that the Parties shall appear for a status conference (by telephone) on _____ at _____.

_____
The Honorable Rosemary M. Collyer
United States District Court Judge