UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE AMERICAN SOCIETY OF ANESTHESIOLOGISTS, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 07-489 (RMC) |
| RASHAD UNIVERSITY, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

    This matter comes before the Court on Plaintiff's Consent Motion to Place this Matter on the Active Docket. *See* Dkt. #11. On or about September 28, 2007, counsel for Plaintiff contacted Chambers to inform the Court that the parties were on the verge of settling this case. The Court had previously set a status conference for October 5, 2007, but upon learning of the parties' settlement posture, the Court canceled the status conference. On October 17, 2007, the Court entered an order dismissing the case and providing that: (1) for the first-forty five days after the Court's order, the Court's order was without prejudice, and permitted the parties to reopen the case by motion approved by the Court; and (2) after December 3, 2007, the Court's order converted to a dismissal with prejudice. *See* Order [Dkt. #9]

    Plaintiff represents that the parties have agreed upon all material terms and have documented the terms in settlement documents. *See* Dkt. #11 at 1. The parties expected to execute the settlement documents during the week of November 14, 2007. *Id.* The execution was delayed because Defendant Nabil Rashad, M.D., who is doing business as Defendant Rashad Internet University and who is the president of Defendant Rashad University, Inc., is a party to a divorce

proceeding and was advised to obtain approval of the settlement by the judge in that proceeding. *Id.*, Ex. A, Declaration of Dr. Rashad dated December 7, 2007. Thus, although the settlement documents have been in final form for weeks, they have not been executed. *Id.* Plaintiff now requests, with consent of the Defendants, that the Court vacate the dismissal with prejudice and reopen this case.[1] The Court will treat Plaintiff's consent motion as one for relief from judgment or order pursuant for Federal Rule of Civil Procedure 60(b) and grant the motion.

Federal Rule of Civil Procedure 60(b) provides for motions for relief from a judgment or order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Rule 60(b)(6), the catch-all provision, gives courts discretion to vacate or modify judgments when it is "appropriate to accomplish justice," *Klapprott v. U.S.*, 335 U.S. 601, 614-15 (1949), but it should be applied only in extraordinary circumstances, *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. Mar. 6, 2007) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). "Rule 60(b)(6) 'should be only sparingly used' and may not 'be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.'" *Kramer*, 481 F.3d 792 (quotations omitted) (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir.

---

[1] An attorney or pro se party who obtains a CM/ECF password consents to electronic service of all documents, subsequent to the original complaint, that are filed by electronic means pursuant to F.R. Civ. P. 5(b)(2)(D). Such counsel and pro se parties are responsible for monitoring their e-mail accounts, and, upon receipt of notice of an electronic filing, for retrieving the noticed filing. *See* LCvR 5.4(b)(6). Plaintiff's counsel represents in his motion that he "is unable to locate any record of receiving notification of the October 17 Order through the Court's ECF system, through regular mail, or otherwise, and first learned of the October 17 Order on December 6, 2007." *See* Dkt. #11 at 2.

1980)).  The Court finds that the Plaintiff, with consent of the Defendant, has shown good cause to vacate its previous Order dismissing this case with prejudice.

Accordingly, it is hereby

**ORDERED** that the Court's October 17, 2007 Order dismissing this case with prejudice [Dkt. #9] is **VACATED**; and it is

**FURTHER ORDERED** that this matter be placed on the active docket; and it is

**FURTHER ORDERED** that the parties shall appear for a telephonic status conference on January 11, 2007 at 3:30 p.m.

**SO ORDERED.**

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: December 10, 2007